IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEWIS, #46457-177 | § | |
|     Movant, | § | |
| | § | |
| v. | § | No. 3:18-CV-965-N (BT) |
| | § | No. 3:13-CR-177-N-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant James Lewis, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should summarily dismiss the action as barred by the statute of limitations.

I.

Movant pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(c). (Crim. Doc. 18, 54).[1] On February 24, 2014, the District Court

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:13-CR-177-N as "Crim. Doc."

sentenced him to 210 months in prison. (Crim. Doc. 45, 52). Movant filed a direct appeal, and the Fifth Circuit affirmed his sentence on December 15, 2014. *United States v. Lewis*, 587 F. App'x 223 (5th Cir. 2014). He then filed a petition for a writ of certiorari, which the Supreme Court denied on November 30, 2015. *Lewis v. United States*, 136 S. Ct. 536 (2015).

Movant filed the instant § 2255 motion on November 17, 2017.[2] He argues the District Court erred by enhancing his sentence as a career criminal and by failing to issue an order for him to receive "time credits" for time he served prior to his sentencing, (Doc. 5 at 4-22). He further argues that the prosecution committed a *Brady* violation by withholding evidence favorable to him. (*Id.* at 25). On October 29, 2018, the government filed a response arguing Movant's claims are untimely, procedurally barred, and noncognizable. (Doc. 15). Movant filed a reply arguing that his motion is timely and requesting a decision on the merits. (Doc. 16).

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See*

---

[2] Movant asserts that he placed his motion in the prison mailing system on November 17, 2017; thus, his petition is deemed filed on that date, in accordance with the mailbox rule. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, Movant's conviction became final on November 30, 2015, when the Supreme Court denied Movant's writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Movant then had one year, or until

3

November 30, 2016, to file his § 2255 motion. Movant did not file his motion until November 17, 2017—almost one year beyond the expiration of the AEDPA limitations period. His motion is thus untimely under § 2255(f)(1).

Movant argues his motion is timely because the AEDPA limitations period should not start running until he was moved from state to federal custody. He argues that although his conviction became final in the underlying criminal case on November 30, 2015, he remained in state custody until September 26, 2017. Thus, Movant argues, his AEDPA limitations period began on that date and did not expire until September 26, 2018. Movant is incorrect. The Fifth Circuit has held "that 28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future." *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971); *see also See United States v. Tamfu*, 3:01-CV-1719-P, 2002 WL 31452410, at *6 (N.D. Tex. Oct. 5, 2002) (quoting *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971). And Movant does not provide any reasons why he could not have submitted his motion while in state custody.

Movant additionally argues that the language of § 2255 indicates that a prisoner may only file the motion when he is "in custody" under the federal sentence he wishes to attack. *See* 28 U.S.C. § 2255(a). However, in *Simmons*,

the Fifth Circuit also held that "a prisoner serving consecutive sentences is 'in custody' under any one of them for the purposes of section 2255." *Simmons*, 437 F.2d at 158.

Finally, in support of his contention that his AEDPA limitations period did not begin until he was placed into federal custody, Movant cites to the Fifth Circuit case *Zalawadia v. Ashcroft*, 371 F.3d 292, 299, and the Supreme Court case *Zadvydas v. Davis*, 533 U.S. 678, 699-300 (2001). (Doc. 16 at 2-3). However, these cases provide no support for Movant's argument. In *Zalawadia*, the Fifth Circuit held, in pertinent part, that if a federal court maintained jurisdiction over a habeas corpus case at the time it was filed, the court does not lose jurisdiction by the mere fact that the petitioner was subsequently deported. *See Zalawadia*, 371 F.3d at 296-98. Furthermore, in *Zalawadia*, the Fifth Circuit cites to the Supreme Court case, *Preiser v. Rodriguez*, 411 U.S. 475 (1973), for the proposition that "habeas corpus relief is not limited to immediate release from illegal custody." *See Zalawadia*, 371 F.3d at 3oo (citing *Preiser*, 411 U.S. at 487). And indeed, in *Preiser*, the Supreme Court stated that "habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases." *Preiser*, 411 U.S. at 487. In *Zadvydas,* the Supreme Court held that resident aliens who have been

5

detained awaiting removal may not be subjected to indefinite detention. *See Zadvydas*, 533 U.S. at 699 – 700.

Movant fails to show that he filed his § 2255 motion within one year of the date on which his judgment of conviction became final. Therefore, he fails to demonstrate his motion is timely under § 2255(f)(1).

III.

The one-year statute of limitations is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Movant does not allege that he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has therefore failed to show rare and exceptional circumstances justifying equitable tolling in this case.

IV.

For the foregoing reasons, the Court should summarily dismiss this action as barred by the statute of limitations.

SO RECOMMENDED.

April 19, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)